JOURNAL ENTRY AND OPINION.
{¶ 1} Appellant A.C.[1] ("defendant") appeals from a decision of the Cuyahoga County Common Pleas Court Juvenile Division finding him to be a delinquent child and committing him to the Ohio Department of Youth Services ("ODYS"). For the following reasons, we reverse the judgment of the trial court and remand for further proceedings.
 {¶ 2} On November 6, 2002, defendant appeared before the Juvenile Court and entered an admission to a complaint of burglary. The admission was the result of a plea agreement on behalf of defendant as complaints were originally filed for burglary and receiving stolen property. On December 10, 2002, defendant was committed to the ODYS for a minimum term of one year.
 {¶ 3} Defendant now appeals his adjudication as a delinquent child and commitment to ODYS and raises two assignments of error for our review. The first assignment of error states:
 {¶ 4} "I. The trial court erred by accepting appellant's admission of the complaint without providing the assistance of counsel."
 {¶ 5} Juv.R. 29(B) affords a juvenile a right to legal counsel at all stages of the proceedings in juvenile court. See, also, R.C. 2151.352. Although a juvenile may waive this right, the court must make a sufficient inquiry to determine whether the defendant is doing so knowingly, intelligently, and voluntarily. In re Johnson (1995),106 Ohio App.3d 38. Specifically, the court must give close scrutiny to factors such as the juvenile's age, emotional stability, mental capacity, and prior criminal experience. Id.
 {¶ 6} Here, the record indicates that the defendant was a thirteen-year-old child who suffered from a learning disability, had a prior criminal trespass charge, and currently lived with his alcoholic grandmother.[2] The record shows that defendant admitted to the charge of burglary at the adjudicatory hearing without counsel. The record reflects the following colloquy with regard to defendant's right to counsel:
 {¶ 7} "THE COURT: First of all, you have the right to be represented by an attorney. If you want one and cannot afford one, one would be appointed for you. I'll get back to that.
 {¶ 8} "* * *
 {¶ 9} "THE COURT: Do you have any questions you want to ask me?
 {¶ 10} "A.C.: No.
 {¶ 11} "THE COURT: Let me ask you a couple. Are you going to want to be represented by a lawyer or do you want to go forward today without a lawyer?
 {¶ 12} "A.C.: I'll go by myself.
 {¶ 13} "THE COURT: All right * * *.
 {¶ 14} This Court has previously held that this basic colloquy is insufficient to establish a knowing waiver of the right to counsel because it fails to ascertain whether the juvenile understood the nature of the right to counsel that he would be waiving. See In re Smith
(2001), 142 Ohio App.3d 16, 22-23; In re Vaughters, Cuyahoga App. No. 80650, 2002-Ohio-5843; In re K.J., Cuyahoga App. Nos. 79612 79940,2002-Ohio-2615. See, also, In re Johnson (1995), 106 Ohio App.3d 38. Accordingly, we find that the court's colloquy did not establish that the defendant fully understood the nature of the rights he was waiving and thus he could not have knowingly, intelligently, and voluntarily waived his right to counsel.
 {¶ 15} Defendant's first assignment of error is sustained.
 {¶ 16} Our resolution of this assignment of error renders the remaining assignment moot.
Judgment reversed and remanded.
ANNE L. KILBANE, P.J., and COLLEEN CONWAY COONEY, J., concur.
[1] The parties are referred to herein by their initials or title in accordance with this Court's established policy.
[2] See the sentencing recommendation provided by the probation department.