[Cite as *In re A.R.*, 2012-Ohio-258.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### Nos. 96443 and 96758

---

## IN RE: A.R.
## A Minor Child

---

## JUDGMENT:
## REVERSED AND REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. DL 10111182

**BEFORE:** Keough, J., S. Gallagher, P.J., and Rocco, J.

**RELEASED AND JOURNALIZED:** January 26, 2012

**ATTORNEYS FOR APPELLANT**

Timothy Young
State Public Defender
BY:   Amanda J. Powell
Assistant State Public Defender
250 East Broad Street
Suite 1400
Columbus, OH 43215

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
BY:   Justin S. Gould
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, J.:

{¶ 1} A.R., a minor child, appeals from the trial court's judgment sentencing him to the custody of the Ohio Department of Youth Services ("ODYS"). We reverse and remand.

I.   Facts and Procedural History

{¶ 2} On November 17, 2010, A.R.'s probation officer filed a motion alleging that A.R. had violated the conditions of his probation. The juvenile court held a hearing regarding the motion on December 9, 2010. The judge noted that in addition to a charge

of violating probation on an underlying aggravated robbery conviction, A.R. had also been charged with new offenses for criminal trespass and disorderly conduct.

{¶ 3} A.R. and his mother were present at the hearing. The judge reviewed the charges with A.R. and then told him:

{¶ 4} "Let's go over your rights. You have the right to be represented by a lawyer. If you want one and can't afford one, one will be appointed. I'll get back to that."

{¶ 5} The judge then explained A.R.'s rights at trial if he denied the charges and the court's sentencing options if the court found him guilty at trial. The court then engaged in the following colloquy with A.R. and his mother:

> THE COURT: Do you have any questions?
> A.R.: No, sir.
> THE COURT: All right. You don't want to be represented by a lawyer?
> A.R.'S MOTHER: No.
> THE COURT: I'm not asking you, mom.
> A.R.'S MOTHER: Oh.
> A.R.: No, sir.
> THE COURT: Why not?
> A.R.: I don't think I need one.
> THE COURT: You don't think you need one? Is that what you said?
> A.R.: Yes, I do.
> THE COURT: Now you need one. Why do you need one?
> A.R.: Because I'll go to prison or jail.
> THE COURT: Yeah, right. All right. Mom, are you going to hire one? Do you need one appointed?

{¶ 6} A.R.'s mother then told the judge that she could not afford a lawyer, and the judge stated that he would refer A.R. to the Public Defender's Office. After the judge explained that the matter would be continued until December 23, 2010, A.R.'s mother

told the judge, "I just started working right now and like I really just took off this day. If it's okay with you, can we just like get it over with so we don't have to come back?" The judge told A.R.'s mother that the matter was serious and "[n]o, we can't just get it over with." The judge then asked A.R. what he wanted to do and, at his mother's insistence, A.R. admitted the charges:

> THE COURT: All right. A.R., what do you want to do today?
> A.R.'S MOTHER: I want to put him on —
> THE COURT: Are you admitting to these charges? Do you want to admit to them? Do you not want to admit? Do you want to have a trial? Do you want to come back? What do you want to do?
> A.R.'S MOTHER: Admit to them.
> A.R.: I admit to them. I admit to them.

{¶ 7} The court accepted A.R.'s admissions and found him delinquent, and then proceeded immediately to a dispositional hearing. The court ordered that A.R. be committed to ODYS, stayed the commitment, and set the matter for review on January 31, 2011. At the January hearing, the court imposed the commitment.

{¶ 8} A.R. now appeals. We consider his second assignment of error first as it is dispositive of the appeal.

## II. Waiver of Right to Counsel

{¶ 9} In his second assignment of error, A.R. contends that the trial court erred in accepting his admissions because he did not knowingly, intelligently, and voluntarily waive his right to counsel.

{¶ 10} The appointment of counsel for a juvenile "is a venerable right at the core of the administration of justice and due process." *In re C.S.*, 115 Ohio St.3d 267, 2007-Ohio-4919, 874 N.E.2d 1177, ¶ 78, citing *In re Gault*, 387 U.S. 1, 36, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967). The Ohio legislature has codified this constitutional right in R.C. 2151.352, which provides that children are entitled to representation by legal counsel at all stages of juvenile proceedings and, if indigent, to have counsel provided. R.C. 2151.352 also provides that the court shall ascertain whether a party appearing without counsel knows of his right to counsel and to have counsel provided. Further, Juv.R. 4(A) provides that "[e]very person shall have the right to be represented by counsel and every child * * * the right to appointed counsel if indigent."

{¶ 11} A juvenile may waive this right to counsel if the waiver is made knowingly, voluntarily, and intelligently, and if he is counseled and advised by a parent, custodian, or guardian. *In re C.S.*, ¶ 95-96, 106. As in cases involving adults, there is a strong presumption against waiver of the constitutional right to counsel. *Id.* at ¶ 105. "[T]he judge must scrupulously ensure that the juvenile fully understands, and intentionally and intelligently relinquishes, the right to counsel. * * * In the discharge of that duty, the judge is to engage in a meaningful dialogue with the juvenile." *Id.* at ¶ 106-107.

{¶ 12} A totality-of-the-circumstances test is used to determine whether there has been a valid waiver of counsel by a juvenile. *Id.* at ¶ 108. Circumstances to consider include the age, intelligence, and education of the juvenile; the juvenile's background and

experience generally and in the court system specifically; the presence or absence of the juvenile's parent, guardian, or custodian; the language used by the court in describing the juvenile's rights; the juvenile's conduct; the juvenile's emotional stability; and the complexity of the proceedings. *Id*.

{¶ 13} In this case, the totality of the circumstances indicate that A.R. did not knowingly, voluntarily, and intelligently waive his right to counsel. The record reflects that the trial court did not engage in a meaningful dialogue with A.R. regarding waiving the right to counsel and that it gave no explanation of the right other than informing A.R. that he had a right to counsel and if he could not afford a lawyer, one would be appointed for him. This court has previously recognized that such a brief colloquy is insufficient to establish a knowing waiver of counsel because it fails to ascertain whether the juvenile understood the nature of the right to counsel that he would be waiving. *See, e.g., In the Matter of A.C.*, 8th Dist. No. 82289, 2003-Ohio-5496, 2003 WL 22351114; *In re K.J.*, 8th Dist. Nos. 79612 and 79940, 2002-Ohio-2615, 2002 WL 1041818; *In re Vaughters,* 8th Dist. No. 80650, 2002-Ohio-5843, 2002 WL 31401623; *In re Smith*, 142 Ohio App.3d 16, 22-23, 753 N.E.2d 930 (8th Dist.2001). *See also In re L.A.B.*, 121 Ohio St.3d 112, 2009-Ohio-354, 902 N.E.2d 471, ¶ 62 (no valid waiver where juvenile was merely told of his right to an attorney and that one would be appointed for him if he wished, and court gave no specific information about what the right entailed.)

**{¶ 14}** "A juvenile's waiver of counsel will not withstand appellate scrutiny unless the court meaningfully attempted to ascertain whether [the juvenile] understood the nature of the rights [he] would waive." *Vaughters* at ¶ 16. That did not happen here.

**{¶ 15}** The state contends that A.R.'s waiver was valid because he was counseled by his mother, who the state asserts was "informed" and "advocated[d]" for A.R.'s interests during the hearing. We disagree.

**{¶ 16}** The record is clear that A.R.'s mother wanted A.R. to admit to the charges only because she did not want to have to take another day off from a job that she had just started to come to court. A.R.'s mother was apparently advocating for her own best interest, instead of A.R.'s. Further, the statements of A.R.'s mother to the judge that A.R. "just needed a little more monitoring" indicated that she did not appreciate the gravity of the charges that A.R. was facing. On this record, we cannot conclude there was a sufficient showing that A.R.'s mother was in a position to render any meaningful advice to her son.

**{¶ 17}** Thus, in the circumstances before us, we are not persuaded that the waiver of counsel was valid. We therefore reverse the trial court's judgment committing A.R. to the ODYS and remand the matter to the juvenile court for further proceedings.

**{¶ 18}** Appellant's second assignment of error is sustained. Appellant's first assignment of error, which contends that the trial court was without jurisdiction at the

January hearing to invoke A.R.'s suspended committment to the ODYS, is therefore moot and we need not consider it. *See* App.R. 12(A)(1)(c).

Reversed and remanded.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

KATHLEEN ANN KEOUGH, JUDGE

SEAN C. GALLAGHER, P.J., and
KENNETH A. ROCCO, J., CONCUR